## TOWNSEND, *Adm'x*, v. PORTSMOUTH SAVINGS BANK.

ASSUMPSIT, for money had and received. Trial by the court. Transferred from the October term, 1910, of the superior court by *Chamberlin*, J., on an agreed statement of facts.

William Mathes died in May, 1881, having money on deposit in the defendant bank, and leaving a will of which he made his wife executrix and by which he disposed of his property as follows: "I give, devise, and bequeath unto my wife, Hannah J. S. Mathes, all and singular my estate of every description and wherever situate and being, to have and to hold to her and her heirs and assigns forever, and my desire is that if at the decease of said Hannah she shall have left any of said estate that it shall go to the grandchild of Mrs. Martha White, the sister of my wife; said grandchild's name is Lillian A. LaPierre, residing in Boston. Her father's name is Lewis LaPierre to have and hold the same to said Lillian, her heirs and assigns forever, in case she survives my said wife."

The will was proved May 10, 1881. There is no record of the appointment of the wife as executrix, and she never gave bond as such; but she took possession of the testator's property and paid his debts. On her representation that she was executrix of her husband's estate, the bank in good faith paid her the sum on deposit, which she applied to her own uses. Hannah died September 28, 1906. November 29, 1908, the plaintiff, who is the person referred to in the will as Lillian A. LaPierre, was appointed administratrix with the will annexed of the estate of William Mathes. There were no claims outstanding against the estate.

Judgment is to be rendered for such sum as the plaintiff is entitled to receive, or for the defendants, as the court determines.

*Samuel W. Emery, Jr.*, for the plaintiff.

*Frink, Marvin & Batchelder*, for the defendants.

BINGHAM, J. This case is governed by the decision in *Langley* v. *Farmington*, 66 N. H. 431.

*Judgment for the defendants.*

All concurred.